David PYOTT, Herbert W. Boyer, Louis J. Lavigne, Gavin S. Herbert, Stephen J. Ryan, Leonard D. Schaeffer, Michael R. Gallagher, Robert Alexander Ingram, Trevor M. Jones, Dawn E. Hudson, Russell T. Ray, Deborah Dunsire, and Allergan, Inc., Defendants Below, Appellants,

v.

LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM and U.F.C.W. Local 1776 & Participating Employers Pension Fund, Plaintiffs Below, Appellees.

No. 380, 2012.

Supreme Court of Delaware.

Submitted: Feb. 5, 2013.

Decided: April 4, 2013.

---

7. *Adams,* 575 A.2d at 1107.

8. *Id.*

Kenneth J. Nachbar, Esquire and Shannon E. German, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware for Appellants David Pyott, Herbert W. Boyer, Louis J. Lavigne., Gavin S. Herbert, Stephen J. Ryan, Leonard D. Schaeffer, Michael R. Gallagher, Robert Alexander Ingram, Trevor M. Jones, Dawn E. Hudson, Russell T. Ray and Deborah Dunsire.

Of Counsel: Wayne W. Smith, Esquire, Jeffrey H. Reeves, Esquire, Kristopher P. Diulio, Esquire, Gibson, Dunn & Crutcher LLP, Irvine, California and Mark A. Perry, Esquire (argued) and Geoffrey C. Weien, Esquire, Gibson, Dun & Crutcher LLP, Washington, D.C.

Cathy L. Reese, Esquire, Jeremy D. Anderson, Esquire and Joseph B. Warden, Esquire, Fish & Richardson P.C., Wilmington, Delaware for Appellant Allergan, Inc.

Pamela S. Tikellis, Esquire (argued), Robert J. Kriner, Jr., Esquire and Scott M. Tucker, Esquire, Chimicles & Tikellis, LLP, Wilmington, Delaware for Appellees.

Of Counsel: Jeffrey W. Golan, Esquire and Lisa M. Lamb, Esquire, Barrack, Rodos & Bacine, Philadelphia, Pennsylvania.

John L. Reed, Esquire, R. Craig Martin, Esquire and Scott B. Czerwonka, Esquire DLA Piper LLP (US), Wilmington, Delaware for Amicus Curiae Washington Legal Foundation.

Of Counsel: Richard A. Samp, Esquire, Washington Legal Foundation, Washington, D.C.

Danielle Gibbs, Esquire and Nicholas J. Rohrer, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware for Amicus Curiae Chamber of Commerce of the United States of America.

Of Counsel: Jordan Eth, Esquire, Morrison & Foerster LLP, San Francisco, California; Mark David McPherson, Esquire, Morrison & Foerster LLP, New York, New York; Deanne E. Maynard, Esquire, Morrison & Foerster LLP, Washington, D.C.; Robin S. Conrad, Esquire and Rachel Brand, Esquire, National Chamber Litigation Center, Inc., Washington D.C.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

BERGER, Justice:

In this appeal we consider whether the Court of Chancery was required to dismiss a Delaware derivative complaint after a California federal court entered a final judgment dismissing essentially the same complaint brought by different stockholders. The trial court held that it was not required to give preclusive effect to the California judgment for two reasons. First, the Court of Chancery held, as a matter of Delaware law, that the stockholder plaintiffs in the two jurisdictions are not in privity with each other. Second, the trial court found that the California stockholders were not adequate representatives of the defendant corporation. The Court of Chancery erred in both respects. Under California law, which controls on this issue, derivative stockholders are in privity with each other because they act on behalf of the defendant corporation. As to adequacy of representation, the trial court adopted a presumption of inadequacy without any record to support the factual premise on which the presumption was based. Accordingly, the judgment of the Court of Chancery is reversed.

**Factual and Procedural Background**

Allergan, Inc. is a Delaware corporation that develops and markets specialty pharmaceuticals. One such product is BOTOX, a prescription neurotoxin that has been approved by the U.S. Food and Drug Administration (FDA) for several therapeutic and cosmetic uses. The medical community routinely prescribes BOTOX for therapeutic uses that have not been FDA approved (off-label uses). That practice is well known, and not illegal. It is unlawful,

however, for Allergan to market BOTOX for off-label uses.

In 2007, the Department of Justice began an investigation into Allergan's allegedly improper marketing of BOTOX. On September 1, 2010, Allergan announced that it pled guilty to the criminal misdemeanor of misbranding, and that it agreed to pay a total of $600 million in civil and criminal fines. Several Allergan stockholders responded to the news by filing derivative suits. The Louisiana Municipal Police Employees' Retirement System (LAMPERS) filed this action on September 3rd, and other stockholders filed actions in the United States District Court for the Central District of California during the next three weeks. The California actions were consolidated on October 24, 2010.

Allergan and its directors (collectively Allergan) moved to dismiss both actions for failure to plead demand futility under Rule 23.1.[1] The Court of Chancery postponed briefing to allow another stockholder, U.F.C.W. Local 1776 & Participating Employers Pension Fund (UFCW), to inspect books and records relating to Allergan's allegedly wrongful Botox activities. After obtaining the books and records, UFCW intervened in this action. In July 2011, appellees and the California plaintiffs filed essentially the same amended complaint in their respective courts.

Allergan again moved to dismiss, and the parties concluded briefing in the fall. In January 2012, shortly before the motion was to be argued in the Court of Chancery, the California Federal Court issued an order dismissing the California action with prejudice.[2] The parties to this action then filed supplemental briefs addressing the preclusive effect of the California Judgment. The Court of Chancery held that the California Judgment did not bar the Delaware action, and denied appellants' motion to dismiss. This interlocutory appeal followed.

## Discussion

### *Collateral Estoppel Applies*

The Court of Chancery recognized that it was required to "give a judgment [from another jurisdiction] the same force and effect that it would be given by the rendering court."[3] The rationale for that determination originates from the United States Constitution's Full Faith and Credit Clause[4] and the Full Faith and Credit Act (FFCA).[5] The FFCA "has long been understood to encompass the doctrines of *res judicata*, or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.' "[6]

▉ The Full Faith and Credit Clause does not explicitly apply when the "rendering court" is a federal court rather than a state court. Nonetheless, the United

---

1. In the California federal action, the motion was based on Fed.R.Civ.P. 23.1. In the Delaware action, the motion was based on Ch. Ct. R. 23.1. The two rules are substantially the same.

2. The California Federal Court denied the stockholder plaintiffs' motion for reconsideration, and the matter is now under consideration by the Ninth Circuit Court of Appeals. If the appellate court reverses, appellants will be able to file a motion for relief from the judgment under Ch. Ct. Rule 60(b).

3. *La. Mun. Police Employees' Ret. Sys. v. Pyott*, 46 A.3d 313, 324 (Del.Ch.2012).

4. "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., Art. IV, § 1.

5. 28 U.S.C. § 1738.

6. *San Remo Hotel, L.P. v. City of San Francisco*, 545 U.S. 323, 336, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005).

States Supreme Court has held that a state court is required to give a federal judgment the same force and effect as it would be given under the preclusion rules of the state in which the federal court is sitting. In this case, that state is California.[7] Accordingly, federal common law imposes on the state of Delaware a full-faith-and-credit requirement to give the California Federal Judgment the same force and effect as it would be entitled to in the California federal or state courts under California's preclusion rules.[8] Delaware law, likewise, requires our courts to afford the same respect to federal court judgments that the Full Faith and Credit Clause requires them to afford to judgments from other states.[9]

The Court of Chancery failed to apply this settled law because it conflated collateral estoppel with demand futility. It began its analysis with a mistaken premise, stating that: "[w]hether a stockholder in a Delaware corporation can sue derivatively after another stockholder attempted to plead demand futility raises a question of demand futility law."[10] Once a court of competent jurisdiction has issued a final judgment, however, a successive case is governed by the principles of collateral estoppel, under the full faith and credit doctrine, and not by demand futility law, under the internal affairs doctrine.

The Rule 23.1 motion in the California Federal Court implicated the internal affairs doctrine. The internal affairs doctrine required the California Federal Court to apply its understanding of Delaware law on the issue of demand futility. The California Federal Court held, as a matter of Delaware law, that demand was not futile and dismissed the derivative complaint. It then entered the final California Federal Judgment on the merits of demand futility.

In the Court of Chancery, the motion to dismiss, based on collateral estoppel, was about federalism, comity, and finality. It should have been addressed exclusively on that basis. Under this Court's precedents, the undisputed interest that Delaware has in governing the internal affairs of its corporations must yield to the stronger national interests that all state and federal courts have in respecting each other's judgments.[11] The United States Supreme Court has held that the full faith and credit obligation is "exacting" and that there is "no roving 'public policy exception' to the full faith and credit due judgments."[12]

The Court of Chancery should have applied California law or federal common law to analyze all elements of collateral estoppel. If the Court of Chancery had done so, rather than invoking the internal affairs doctrine to apply Delaware law to the issues of privity and adequacy of representation, the decision in *LeBoyer v. Green-*

7. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–08, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

8. *Iowa–Wisconsin Bridge Co. v. Phoenix Finance Corp.*, 25 A.2d 383, 391 (Del.1942) (holding that "[t]he same sanctity and effect is granted to a judgment of a federal court rendered in a like case and in similar circumstances, as is conceded to a judgment of a state court.").

9. *Id.*

10. *La. Mun. Police Employees' Ret. Sys. v. Pyott*, 46 A.3d at 326.

11. *See Iowa–Wisconsin Bridge Co. v. Phoenix Finance Corp.*, 25 A.2d at 391; *Cavalier Oil Corp. v. Harnett*, 564 A.2d 1137, 1141 (Del. 1989).

12. *See, e.g., Baker v. General Motors Corp.*, 522 U.S. 222, 232–33, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998).

*span*[13] would have compelled it to dismiss the case.

■ Under California law, collateral estoppel precludes a subsequent action when the following five factors are satisfied:

First, the issue sought to be precluded ... must be identical to that decided in a former proceeding. Second, the issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.[14]

The dismissal of the California action for failure to adequately plead demand futility meets each requirement. The issue sought to be precluded is whether, under Rule 23.1, the failure to make demand on the Allergan board is excused because such a demand would have been futile. The California court addressed that exact question. The issue was actually litigated in that the appellees had "notice, opportunity and incentive to litigate the issue at the prior proceeding."[15] The California court entered a final judgment with prejudice, and that decision was on the merits.[16] Finally, because the real plaintiff in a derivative suit is the corporation, "differing groups of shareholders who can potentially stand in the corporation's stead are in privity for the purposes of issue preclusion."[17]

The trial court acknowledged that a California court would conclude that the California decision precludes appellees from pursuing the Delaware action. Indeed, the trial court noted that numerous other jurisdictions, and at least one Delaware decision, also hold that stockholders bringing derivative suits are in privity for purposes of collateral estoppel.[18] But the trial court stated that because one's status as a derivative plaintiff falls within the internal affairs doctrine, derivative status must be decided as a matter of Delaware law. The court then opined that all the other jurisdictions finding privity for purposes of collateral estoppel missed the dual nature of a Delaware derivative action. According to the Court of Chancery, there is no privity between derivative stockholders because, until a stockholder survives a motion to dismiss based on failure to make demand, the stockholder is not acting for the corporation. Rather, the stockholder is asserting an "individual claim to obtain equitable authority to sue."[19] Thus, a final judgment denying that individual claim has no preclusive effect on other stockholders' derivative claims.

We will not address this analysis because, as discussed, the Court of Chancery should not have applied Delaware law in deciding whether the California Federal

13. 2007 WL 4287646 (C.D.Cal.).

14. *LeBoyer v. Greenspan*, 2007 WL 4287646, at *1 (C.D.Cal.) (Quotation and citation omitted.).

15. *Id.* at *2.

16. *Id.* at *3, citing *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 730 (Del.1988).

17. *Ibid.*

18. *See, e.g.: In re Sonus Networks, Inc. S'holder Deriv. Lit.*, 499 F.3d 47 (1st Cir.2007); *Henik ex rel. LaBranche & Co. v. LaBranche*, 433 F.Supp.2d 372 (S.D.N.Y.2006); *Arduini ex rel. Int'l Game Tech. v. Hart*, 2012 WL 893874 (D.Nev.); *In re Career Educ. Corp. Deriv. Litig.*, 2007 WL 2875203 (Del.Ch.); *In re Bed Bath & Beyond Inc. Deriv. Litig.*, 2007 WL 4165389 (D.N.J.).

19. *La. Mun. Police Employees' Ret. Sys. v. Pyott*, 46 A.3d 313, 330 (Del.Ch.2012).

Court Judgment must be given preclusive effect. We note, however, as did the Court of Chancery, that numerous other jurisdictions have held that there is privity between derivative stockholders. Although the Court of Chancery is divided on the privity issue as a matter of Delaware law,[20] we cannot address the merits of that issue in this case.

The adequacy of the California plaintiffs' representation remains to be considered. If they were inadequate representatives, collateral estoppel will not bar a second, identical claim.[21] The trial court held that the California plaintiffs were inadequate representatives. It found that, "[r]ather than representing the best interests of the corporation, the California plaintiffs sought to maximize the potential returns of the specialized law firms who filed suit on their behalf."[22] In doing so, the Court of Chancery *sua sponte* announced and applied an irrebutable presumption that derivative plaintiffs who file their complaints without seeking books and records, very shortly after the announcement of a "corporate trauma," are inadequate representatives.

■ Unlike the issue of privity, we address the inadequate representation issue because the Court of Chancery addressed it both as a matter of Delaware law and as a matter of California Law. We reject the "fast filer" irrebuttable presumption of inadequacy. Undoubtedly there will be cases where a fast filing stockholder also is an inadequate representative. But, there is no record support for the trial court's premise that stockholders who file quickly, without bringing a § 220 books and records action,[23] are *a priori* acting on behalf of their law firms instead of the corporation. This Court understands the trial court's concerns about fast filers. But remedies for the problems they create should be directed at the lawyers, not the stockholder plaintiffs or their complaints.[24]

Absent the presumption, there was no basis on which to conclude that the California plaintiffs were inadequate. The two complaints are so similar that the California complaint could not be "grossly deficient" when, according to the Court of Chancery, the Delaware complaint adequately states a claim for relief.[25]

### Conclusion

Based on the foregoing, the Court of Chancery's judgment denying appellee's motion to dismiss is reversed. Jurisdiction is not retained.

**20.** *See: In re Career Educ. Corp. Deriv. Litig.*, 2007 WL 2875203 (Del.Ch.).

**21.** *See, e.g., Restatement (Second) Judgments*, § 42(1) ("A person is not bound by a judgment for or against a party who purports to represent him if ... (e) [t]he representative failed to prosecute or defend the action with due diligence and reasonable prudence...."); *Career Educ.*, 2007 WL 2875203, at *10 (Del. Ch.); *Sonus Networks*, 499 F.3d at 64; *Prezant v. De Angelis*, 636 A.2d 915, 924 (Del. 1994); *see also Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 395–96, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996) (Ginsburg, J., concurring in part, dissenting in part) (finding final judgments can be attacked collateral-ly on due process grounds for failure to satisfy the adequate representation requirement).

**22.** *La. Mun. Police Employees' Ret. Sys. v. Pyott*, 46 A.3d at 350–51.

**23.** 8 *Del. C.* § 220 provides that stockholders have the right to inspect corporate books and records for a proper purpose.

**24.** *See: King v. VeriFone Holdings, Inc.*, 12 A.3d 1140, 1152 (Del.2011); *White v. Panic*, 783 A.2d 543, 549–50 (Del.2001).

**25.** *In re Sonus Networks, Inc. S'holder Deriv. Lit.*, 499 F.3d at 66. (Quoting *Restatement (Second) Judgments*, § 42(1)(e) Comment f.)