**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: February 17, 2016
Date Decided: May 6, 2016

Blake A. Bennett, Esquire
Cooch and Taylor, P.A.
The Brandywine Building
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19801

Brock E. Czeschin, Esquire
A. Jacob Werrett, Esquire
Sarah A. Clark, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Stephen P. Lamb, Esquire
Daniel A. Mason, Esquire
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
500 Delaware Avenue, Suite 200
P.O. Box 32
Wilmington, DE 19899-0032

> RE: ***Jeran Binning v. Naren Gursahaney, et al.***
> Civil Action No. 10586-VCMR

Dear Counsel:

This Letter Opinion addresses the defendants' motions to dismiss the plaintiff's Verified First Amended Stockholder Derivative Complaint. For the reasons stated herein, the defendants' motions are granted.

## I. BACKGROUND

### A. Facts

Plaintiff Jeran Binning, a stockholder of Nominal Defendant The ADT Corporation ("ADT" or the "Company")[1] since September 2012, challenges a series of decisions made by the Company's board of directors (the "Board") for the alleged purpose of appeasing an activist investor, Defendant Keith A. Meister, and avoiding a proxy contest. Soon after ADT's stock began trading publicly in October 2012, Meister, through his investment management firm Defendant Corvex Management LP ("Corvex"), purchased around five percent of the Company's outstanding stock.[2] Meister immediately began lobbying the Board to further leverage ADT's capital structure by issuing debt securities to fund stock repurchases. According to Binning, the Board capitulated under Meister's threat of a proxy contest.

Further, Binning contends that Meister obtained a seat on the Board and approval of additional debt offerings and stock repurchases by again threatening a

---

[1] ADT is a Delaware corporation that provides electronic security, interactive home and business automation, and monitoring services to individuals and small businesses. ADT was a subsidiary of Tyco International until it was spun off as an independent, publicly traded company in September 2012.

[2] Corvex is a Delaware limited partnership controlled by Meister.

proxy contest if the Board resisted. Then, in November 2013, the Board approved an allegedly overpriced repurchase of over $450 million in Company stock directly from Corvex, netting the investment firm around $60 million in profits. In January 2014, the public learned of ADT's revenue shortfalls, diminishing customer base, and increased advertising and service costs, each contributing to a single-day, seventeen percent stock price reduction.

On August 1, 2014, Walter E. Ryan, Jr., another ADT stockholder, filed a complaint challenging the Board's decisions enumerated above. On April 28, 2015, in *Ryan v. Gursahaney*, this Court dismissed Ryan's complaint under Court of Chancery Rule 23.1, noting that Ryan had failed to make a pre-suit demand and holding that pre-suit demand was not excused.[3] On January 27, 2015, Binning filed an initial complaint challenging the same Board decisions and, in response to Defendants' motions to dismiss, filed an amended complaint the following June (the "Complaint"). Binning's Complaint largely mirrors the operative complaint in *Ryan*.[4]

---

[3]  *See Ryan v. Gursahaney*, 2015 WL 1915911 (Del. Ch. Apr. 28, 2015), *aff'd*, 128 A.3d 991 (Del. 2015) (TABLE).

[4]  *Id.* at 4. I address those alleged differences in Section II.B.3 *infra*. For a more fulsome statement of the relevant facts, see *Ryan*, 2015 WL 1915911, at *2-4.

## B.    Additional Parties

Defendant Naren Gursahaney has been ADT's President and CEO and a member of the Board since September 2012. Defendant Kathryn Mikells was ADT's Senior Vice President and CFO from September 2012 to May 2013. Defendant Bruce Gordon is the Chairman of the Board, and Defendants Timothy Donahue, Thomas Colligan, Bridgette Heller, Kathleen Hyle, Robert Dutkowsky, and Meister are all current or former Board members. Collectively, I refer to Corvex, Meister, Gursahaney, Mikells, Gordon, Donahue, Colligan, Heller, Hyle, and Dutkowsky as "Defendants."

## C.    Parties' Contentions

Defendants argue that the Complaint should be dismissed (1) for failure to make a demand on the Board or to plead adequately that such a demand would be futile, (2) because *stare decisis* compels dismissal pursuant to *Ryan*, (3) because *Ryan* collaterally estops Binning from relitigating demand futility, and (4) for failure to state a claim pursuant to Court of Chancery Rule 12(b)(6). Binning responds that, notwithstanding *Ryan*, any pre-suit demand would have been futile and the Complaint adequately alleges breach of fiduciary duty, aiding and abetting, and unjust enrichment claims. Binning also contends that *stare decisis* and collateral estoppel do not apply under these circumstances. Because I conclude

that Defendants' motions to dismiss under Rule 23.1 should be granted, I need not consider the parties' arguments regarding Rule 12(b)(6).

## II.   ANALYSIS

### A.   Legal Standard

Rule 23.1 provides that a stockholder may not bring an action derivatively on behalf of the nominal defendant corporation unless the stockholder (1) made a demand on the corporation to initiate litigation that the corporation's board wrongfully refused or (2) pled particularized facts creating a reasonable doubt that either "[(a)] the directors are disinterested and independent or [(b)] the challenged transaction was otherwise the product of a valid exercise of business judgment."[5] The Rule 23.1 demand requirement embodies the principle that a derivative cause of action belongs to a corporation, which is managed by the corporation's board,[6] and allows the "corporation the opportunity to rectify an alleged wrong without litigation."[7]

---

[5]   *Del. Cty. Emps. Ret. Fund v. Sanchez*, 124 A.3d 1017, 1020 (Del. 2015) (internal quotation marks omitted) (quoting *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000)); *accord* Ct. Ch. R. 23.1.

[6]   *White v. Panic*, 783 A.2d 543, 546 (Del. 2001).

[7]   *Aronson*, 473 A.2d at 809.

B. **Binning Has Failed To Distinguish His Complaint from This Court's Decision in *Ryan* Sufficiently To Avoid Dismissal**

1. **This Court dismissed the *Ryan* plaintiff's complaint under Rule 23.1**

As mentioned above, this Court dismissed another ADT stockholder's claims based on the same Board action in *Ryan*. Ryan, the plaintiff in that case, did not make a pre-suit demand on the Board, but pled that such demand would have been futile because "(1) the Board was not disinterested and independent with respect to the decisions relating to the Standstill Agreement, the Stock Repurchase Program, and the Corvex Repurchase; and (2) the Complaint's allegations as to those transactions are sufficient to rebut the protection of the business judgment rule."[8] Ryan contended that demand would have been futile on both bases because the Board's "sole or primary motivation was entrenchment."[9]

The Court rejected Ryan's entrenchment argument, finding that "the particularized facts do not support a reasonable inference that the [Board]

---

[8]  *Ryan*, 2015 WL 1915911, at *5.

[9]  *Id.* at *6 (citing *Grobow v. Perot*, 539 A.2d 180, 188 (Del. 1988), *overruled on other grounds by Brehm*, 746 A.2d 244).

perceived an actual 'threat' of removal and [was] motivated to avoid it"[10] and

holding as follows:

> Plaintiff's argument as to the futility of demand [under the first prong of *Aronson v. Lewis*] relies heavily on his contention that the Director Defendants were driven by a desire to entrench themselves. In that regard, Plaintiff contends that the Complaint contains particularized allegations that the Director Defendants believed themselves to be vulnerable to removal by Corvex, and that the primary reason they agreed to the Standstill Agreement, the Stock Repurchase Program, and the Corvex Repurchase was to avoid this possibility. The non-conclusory allegations in the Complaint, however, do not raise a reasonable doubt as to the Director Defendants' disinterestedness or independence based on this entrenchment theory . . . .
>
> . . . .
>
> Under the second prong of the *Aronson* test, demand may be excused as futile if the complaint creates a reasonable doubt that the challenged transaction was otherwise the product of a valid exercise of business judgment. The presumption of the business judgment rule can be rebutted if the particularized facts raise a reasonable doubt that the informational component of the directors' decisionmaking process, *measured by concepts of gross negligence,* included consideration of all material reasonably available. A plaintiff seeking to establish

---

[10]     *Id.*

> demand futility under *Aronson*'s second prong bears a
> heavy burden. Here, Plaintiff failed to carry it.[11]

Thus, the Court concluded that the plaintiff had failed "to plead adequately that demand was excused," and "[b]ecause such a failure requires dismissal of the Complaint in its entirety," the Court did not address the defendants' arguments regarding dismissal under Rule 12(b)(6).[12]

### 2. Binning's Complaint largely repeats the allegations and arguments that this Court dismissed in *Ryan*

Binning also did not make a pre-suit demand on the Board. Instead, Binning contends that his Complaint should not be dismissed because any such demand would have been futile. To support that position, however, Binning pleads a nearly identical set of factual allegations and legal arguments as the plaintiff did in *Ryan*. Specifically, Binning contends that demand would have been futile because a majority of the Board (1) was not disinterested because it acted with an entrenchment motive in acceding to Corvex's demands and (2) did not validly exercise its business judgment because it acted with an entrenchment motive,

---

[11]   *Id.* at \*6, \*8 (footnotes omitted) (internal quotation marks omitted) (citing *White*, 783 A.2d at 551; *Brehm*, 746 A.2d at 256 (quoting and citing *Aronson*, 473 A.2d at 812, 814)).

[12]   *Id.* at \*5.

failed to be reasonably informed in taking the challenged actions, and violated

certain Board resolutions in taking the challenged actions.[13]

In *Ryan*, this Court considered and rejected the vast majority of the same

demand futility arguments that Binning makes here. The Delaware Supreme Court

affirmed this Court's decision in *Ryan*.[14] The principle of *stare decisis*, therefore,

counsels that Binning's Complaint should be dismissed absent a sufficient factual

or legal distinction from *Ryan*.[15] And, even if *stare decisis* did not apply, I have

reviewed *Ryan* and its cited authority and agree with that decision's conclusions.

As such, to the extent that Binning's allegations and arguments overlap with those

addressed by this Court in *Ryan*, I reject them as bases on which demand would

have been futile. Binning's Complaint, however, includes certain allegations and

arguments that were not addressed in *Ryan*. I address those differences *infra* to

---

[13]     *See* Pl.'s Answering Br. 24-50.

[14]     *See Ryan v. Gursahaney*, 128 A.3d 991 (Del. 2015) (TABLE).

[15]     *La. Mun. Police Emps.' Ret. Sys. v. Pyott*, 46 A.3d 313, 335 (Del. Ch. 2012) ("When any other derivative plaintiff faces a Rule 23.1 motion [after a previous Rule 23.1 dismissal] involving the same transaction, the plaintiff must distinguish the new complaint or explain how the prior court erred such that the outcome of the motion would be different."), *rev'd on other grounds*, 74 A.3d 612 (Del. 2013); *see also Kohls v. Kenetech Corp.*, 791 A.2d 763, 770 (Del. Ch. 2000) ("[B]ecause the Kohls fail to distinguish their claims, either factually or legally, from those [dismissed in a prior action . . . [n]ormal respect for the principle of *stare decisis* . . . require[s] that I dismiss this complaint."), *aff'd*, 794 A.2d 1160 (Del. 2002).

determine whether Binning has distinguished his Complaint sufficiently to avoid application of *stare decisis* or alter this Court's conclusion in *Ryan*.[16]

### 3. The distinctions between the Complaint and *Ryan* are insufficient to avoid dismissal

Binning includes certain factual allegations and legal arguments in his Complaint that are absent from *Ryan*. In particular, the Complaint alleges the following: (1) an additional director served on the Board at the time Binning filed his Complaint;[17] (2) Mikells was named as a defendant in this case;[18] (3) the Board, in December 2012, extended the deadline by which stockholders could nominate directors for election at the next stockholder meeting;[19] (4) the SEC began investigating the challenged transactions;[20] (5) ADT issued a materially misleading proxy statement;[21] (6) the Board's Nominating and Governance Committee did not meet separately from the full Board to approve the stock repurchase from Corvex

---

[16]   The parties also briefed arguments pertaining to collateral estoppel. ADT Opening Br. 35-38; Pl.'s Answering Br. 54. Because I find that the Complaint should be dismissed on principles of *stare decisis* and based on this Court's reasoning in *Ryan*, I decline to address whether collateral estoppel otherwise applies.

[17]   Compl. ¶ 137.

[18]   *Id.* ¶ 16.

[19]   *Id.* ¶¶ 59-60.

[20]   *Id.* ¶¶ 128-29.

[21]   *Id.* ¶ 141.

as a related-party transaction;[22] and (7) there were discrepancies between ADT's responses to various stockholders' Section 220 demands.[23] These distinctions, however, are insufficient to plead demand futility.

First, the fact that the Board consisted of one additional independent director when Binning filed his Complaint suggests that the Board had become more disinterested and independent since Ryan filed his complaint. That indicates that a pre-suit demand here would have been even less futile than in *Ryan* and, therefore, weighs against a finding of demand futility here.

Second, adding Mikells as a defendant has no bearing on the demand futility analysis. Mikells is a former CFO of ADT and left the Company in May 2013, well before the buyback of Corvex's ADT shares. Additionally, the demand futility inquiry focuses on whether the Board was disinterested or independent, and Mikells never served on the Board.

Third, Binning argues that the Board's December 2012 extension of the deadline by which stockholders could nominate directors for election at the following stockholder meeting suggests that it perceived an actual threat to their

---

[22]     *Id.* ¶ 144.

[23]     *Id.* ¶¶ 34-35.

positions.[24] The Board, therefore, allegedly acted to entrench themselves instead of in the stockholders' best interests.[25] This Court held in *Ryan*, however, that the Board did not perceive an "'actual threat' of removal" because the complaint failed to adequately allege an "actual struggle."[26] The new allegation that the Board extended the deadline for stockholders to propose a competing slate, without more, is insufficient to alter the *Ryan* Court's conclusion that no actual threat existed.[27]

Fourth, Binning describes the SEC's investigation into ADT as a "critical" fact that was not alleged in *Ryan*.[28] Yet, Binning does not even attempt to explain how the SEC investigation would support a finding that demand on the Board

---

[24] Compl. ¶¶ 59-60; Pl.'s Answering Br. 58.

[25] Oral Arg. Tr. 23.

[26] *Ryan*, 2015 WL 1915911, at *7. In *Ryan*, the Court found that the complaint did not allege an "actual threat" because Corvex did not, for example, "initiate[] a proxy contest or other public campaign to remove one or more ADT directors," or even take "any preliminary steps to prepare for such an endeavor." *Id.* at *6. As such, the Court held that any threat Meister or Corvex posed to the Board was "'too speculative to raise a reasonable doubt of director disinterest' under the first prong of *Aronson*." *Id.* at *6-7 (quoting *Grobow*, 639 A.2d at 188).

[27] Essentially, Binning's argument is that extending the deadline to nominate a competing slate of directors for election at the following stockholders meeting increased the amount of time the Board had to negotiate the standstill. Oral Arg. Tr. 9. This argument, however, is tenuous at best and does not overcome *Ryan*'s "actual (as opposed to possible or theoretical) 'struggle for corporate control'" standard. *Ryan*, 2015 WL 1915911, at *7 (quoting *Grobow*, 539 A.2d at 188).

[28] Pl.'s Answering Br. 57-59.

would have been futile. I also note that the United States District Court for the Southern District of Florida dismissed the complaint on which the SEC investigation was based for failure "to allege any actionable misstatement or scienter."[29] And, the SEC has since concluded its investigation and "do[es] not intend to recommend an enforcement action by the Commission against [ADT]."[30]

Fifth, Binning alleges that the proxy statement ADT issued in connection with its 2013 annual meeting was materially misleading. Binning presumably made this allegation to convince the Court that demand would have been futile because the Board faced a substantial likelihood of personal liability for potential disclosure violations.[31] Interestingly, the Complaint fails to even assert a claim against the Board concerning that allegedly misleading proxy. Regardless, there is no basis in the Complaint's allegations for me to conclude that the Board faced a

---

[29] ADT Opening Br. 32; *accord* Transmittal Aff. of Daniel A. Mason in Supp. of the ADT Defs.' Opening Br. in Supp. of Their Mot. to Dismiss the Am. Compl. Ex. 8 at 35, 38-39, 56-57, 59-62 (order granting defendants' motion to dismiss the federal securities complaint).

[30] *See* Feb. 16, 2016 Letter from the SEC to ADT, Docket Item No. 54.

[31] *Aronson*, 473 A.2d at 815 (noting that a board may be found to lack disinterestedness or independence when it faces a substantial likelihood of liability for approving a questioned transaction); *see* Compl. ¶ 141 (including the allegation regarding the materially misleading proxy in the section of the Complaint titled "Demand Was Also Excused Because a Majority of ADT's Board Lacks Disinterestedness or Independence").

substantial likelihood of liability such that the allegedly misleading proxy had any bearing on the Board's disinterestedness or independence as to Binning's claims.

Sixth, the fact that the Board's Nominating and Governance Committee did not meet separately does not "support[] the inference that the Board acted disloyally in approving the Corvex repurchase."[32] Binning relies on *Telxon Corp. v. Bogomolny* to support that argument, but, in that case, the inference of disloyalty resulted from the allegation that "there were no minutes kept of the meetings of the Telxon board committees."[33] By contrast, the Complaint quotes the minutes from the Board meeting during which, "[a]fter consideration and discussion, the members of the Nominating and Governance Committee of the Board approved the proposed repurchase as a related party transaction."[34] Hence, no such inference of disloyalty can be made in this case.

Seventh, and finally, Binning alleges that there were discrepancies between ADT's responses to Ryan's and Binning's Section 220 demands. Binning complains that because Ryan received more documents in his Section 220 demand

---

[32] Pl.'s Answering Br. 44.

[33] 792 A.2d 964, 975 (Del. Ch. 2001).

[34] Compl. ¶ 144.

than he did, dismissal of his Complaint would be "inequitable."[35]   Binning, however, does not contend that Ryan failed to utilize those additional documents adequately, or that the Court in *Ryan* failed to consider those documents.   In addition, the one item Binning alleges he received that Ryan did not receive—*i.e.*, the written consent adopting the December 2012 bylaw amendment extending the time for stockholders to submit a competing slate of directors for election at the following stockholders meeting—does not affect the Court's demand futility analysis, as discussed *supra*.

## III.   CONCLUSION

For the reasons stated above, Binning has failed to plead sufficiently that demand would have been futile.  Thus, Defendants' motions to dismiss are granted, and the Complaint is dismissed under Rule 23.1.

**IT IS SO ORDERED**.

Sincerely,

*/s/ Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp

---

[35]     Pl.'s Answering Br. 59.