Diane HENIK, derivatively on behalf of Nominal Defendant LABRANCHE & CO., INC., Plaintiff,

v.

Michael LABRANCHE, et al., Defendant.

and

LaBranche & Co., Inc., Nominal Defendant.

Guy C. Lewis, Jr., derivatively on behalf of Nominal Defendant LaBranche & Co., Inc., Plaintiff,

v.

Michael LaBranche, et al., Defendants,

and

LaBranche & Co., Inc., Nominal Defendant.

Nos. 05 CIV. 1087(RWS), 05 CIV. 3165(RWS).

United States District Court, S.D. New York.

June 6, 2006.

---

Faruqi & Faruqi by Nadeem Faruqi, Esq., David H. Leventhal, Esq., Beth A. Keller, Esq., New York City, for Plaintiffs.

Weil, Gotshal & Manges by Irwin H. Warren, Esq., Stephen A. Radin, Esq., Joanna Varon, Esq., New York City, for Defendants.

## OPINION

SWEET, District Judge.

Nominal Defendant LaBranche & Co Inc. ("LaBranche") and Individual Defendants William J. Burke, III ("Burke"), Thomas E. Dooley ("Dooley"), James G. Gallagher ("Gallagher"), David A. George ("George"), Alfred O. Hayward, Jr. ("Hayward"), Donald E. Kiernan ("Kiernan"), George M.L. LaBranche, IV ("M.L.La-

Branche"), Robert M. Murphy ("Murphy"), S. Lawrence Prendergast ("Prendergast"), and Harvey S. Traison ("Traison") have moved pursuant to Fed.R.Civ.P. 12(b) to dismiss the shareholder derivative actions brought derivatively by LaBranche shareholders Diane Henik ("Henik") and Guy C. Lewis, Jr. ("Lewis") (collectively "Plaintiffs") on behalf of LaBranche.

For the reasons set forth below, Defendants' motion to dismiss is granted.

### Prior Proceedings

Plaintiff Henik filed a derivative complaint against Defendants on behalf of LaBranche on February 1, 2005. On March 23, 2005, Lewis also filed a derivative complaint on behalf of LaBranche against the same Defendants. On April 19, 2005 a stipulation and order was entered consolidating the two actions. Lewis' action was accepted as related to Henik's on April 29, 2005.

The Amended Complaint was filed on June 14, 2005. On July 29, 2005, Defendants filed the instant motion to dismiss. The motion was heard and marked fully submitted on November 8, 2005.

On November 6, 2003, a similar shareholder derivative action was filed by Norman and Florence Brown on behalf of LaBranche in New York State Supreme Court. *Brown v. LaBranche & Co.*, No. 0603512/03 (N.Y.Sup.Ct.) (*"Brown"*). In an opinion dated November 8, 2004, the Honorable Helen E. Freedman dismissed Brown's action for failure to adequately allege that under Delaware law a pre-suit demand upon LaBranche would have been futile, pursuant to Del. Ch. Ct. R. 23.1.

### Facts

#### A. The Parties

Nominal Defendant LaBranche is a Delaware corporation that has its principal executive offices in New York. LaBranche is a holding company that conducts specialist operations on the New York Stock Exchange (the "NYSE") through LaBranche & Co. LLC, its specialist subsidiary. Specialist operations account for the vast majority of LaBranche's business, comprising 89% of the Company's 2002 revenues.

The individuals named as defendants are alleged to be present or past LaBranche directors and/or officers. Defendants M.L. LaBranche, Hayward, Murphy, George, Kiernan, Filter, Dooley, Traison, Prendergast, Gallagher, and Robb are or were members of LaBranche's board of directors during the relevant time period. M.L. LaBranche was Chairman, Chief Executive Officer, and President of LaBranche; Hayward was Executive President; Traison was Senior Vice President and Chief Financial Officer; and Prendergast was Executive Vice President of Finance.

Plaintiffs at all material times have owned shares of the common stock of LaBranche and have held those shares continuously to the present.

#### B. The Allegations

Plaintiffs have brought this action derivatively on behalf of nominal defendant LaBranche against the members of its board of directors for losses allegedly resulting from their breaches of fiduciary duty between April 26, 2000 and October 15, 2003 ("the relevant period"). The Complaint alleges that the Defendants failed to closely monitor LaBranche's trading operations and that they failed to appropriately manage, oversee, and design reasonable controls for LaBranche's business.

The alleged underlying misconduct has been outlined extensively in this Court's previous opinions of December 13, 2005, *In re LaBranche Sec. Litig.*, 405 F.Supp.2d 333 (S.D.N.Y.2005) and *In re NYSE Specialists Sec. Litig.*, 405 F.Supp.2d 281

(S.D.N.Y.2005), in which the Court denied Defendants' motion to dismiss Plaintiff shareholders' direct causes of action against LaBranche & Co. LLC for allegedly failing to disclose that it illegally engaged in "trading ahead" of public orders on the NYSE. The derivative complaint at issue here alleges that the wrongdoing at issue in *In re NYSE Specialists Sec. Litig.* and *In re NYSE Specialists Sec. Litig.* contributed to a substantial portion of LaBranche's revenues during the relevant period and that this fact was not disclosed to shareholders.

The Plaintiffs in this action have sued derivatively on behalf of LaBranche, alleging that the Defendants failed to fulfill their fiduciary duties and to monitor the Company's trading operations. According to Plaintiffs, throughout the relevant period, members of the LaBranche board of directors failed to fulfill their fiduciary duties by failing to oversee LaBranche's operations and business practices to ensure that the Company complied with applicable laws, rules, and regulations. In addition, the Complaint alleges that Defendants abdicated their responsibility to establish and maintain internal accounting controls, also allegedly in violation of their fiduciary duties.

Plaintiffs allege that during the relevant time period, each of the Defendants violated his or her duty to ensure that LaBranche disseminated timely, accurate, and truthful information to the market. According to Plaintiffs, Defendants violated this duty by causing or allowing LaBranche to disseminate materially misleading and inaccurate information regarding the adequacy and sufficiency of LaBranche's internal controls. Specifically, Plaintiffs allege that Defendants issued quarterly press releases and filed quarterly statements with the Securities and Exchange Committee (the "SEC")

reporting its results for the respective quarters, purportedly warning of risk factors facing the Company and its investors, listing regulatory requirements affecting its business and representing that its disclosure controls were effective. Plaintiffs allege that the director defendants violated their fiduciary obligations by causing the Company to issue statements which were materially false and misleading in failing to disclose that LaBranche derived a material portion of its revenues from improper trading activities.

In addition to the breaches of fiduciary duties set forth above, the Complaint also alleges a cause of action against the Officer Defendants for unjust enrichment. According to Plaintiffs, the Officer Defendants received valuable financial benefits during the relevant period, including salaries, bonuses, and stock option grants, which were allegedly based on the Company's purported performance, which was, in turn, allegedly based on the improper business practices. The illicit trading practices have caused LaBranche to pay $21.8 million in fines and to disgorge $41.7 million in unlawful trading profits.

As a result of the alleged failure to fulfill their fiduciary duties, Plaintiffs allege that LaBranche was caused to sustain damages.

### C. *The New York State Court Action*

As noted above, an analogous shareholder derivative suit was brought in New York State Supreme Court by shareholder plaintiff Brown. In that action, Brown made allegations analogous to those made in this action against the same set of defendants sued here. Specifically, the plaintiffs in *Brown* alleged that over a period of three years, Defendants violated their fiduciary duties "by failing to properly supervise personnel who were engaged

in improper activities and by failing to properly audit firm revenues." *Brown*, slip op. at 2. As in this case, the complaint in *Brown* also alleged that LaBranche issued false and misleading statements that failed to disclose that a material portion of LaBranche's revenues were derived from improper trading activities.

The defendants in *Brown* moved to dismiss that action on the ground that plaintiffs failed to make a pre-suit demand upon the LaBranche board of directors, as required by Del. Ch. Ct. R. 23.1. In opposition to the motion, plaintiffs argued that they were excused from making a demand because under Delaware law, such a demand would have been futile. The Honorable Helen E. Freedman dismissed plaintiffs' action based upon the conclusion that plaintiffs failed to set forth sufficiently particularized facts to establish the futility of demand.

## Discussion

### A. The Rule 12(b) Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)).

On a Rule 12(b)(6) motion to dismiss, "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994). Furthermore, the truth of factual allegations that are contradicted by documents properly considered on a motion to dismiss need not be accepted. *See e.g., Rapoport v. Asia Elecs. Holding Co.*, 88 F.Supp.2d 179, 184 (S.D.N.Y.2000).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In other words, " 'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 176 (2d Cir.2004) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000); *accord Eternity Global Master Fund*, 375 F.3d at 176–77.

### B. Plaintiffs' Claim That Demand is Excused is Barred by the Res Judicata and Collateral Estoppel Doctrines

Defendants have moved to dismiss the complaint on the grounds that Plaintiffs have failed to adequately allege demand futility pursuant to Rule 23.1, Fed.R.Civ.P.

The derivative form of action permits individual shareholders of a corporation to bring an action on behalf of the corporation to protect the corporation's interests from "the misfeasance and malfeasance of faithless directors and managers." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) (quoting *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 548, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). "To prevent abuse of this remedy, however, equity courts established as a 'precondition for the suit' that the shareholder demonstrate that 'the corporation itself had refused to proceed after

suitable demand, unless excused by extraordinary conditions.'" *Id.* (quoting *Ross v. Bernhard,* 396 U.S. 531, 534, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)). Accordingly, Rule 23. 1, Fed.R.Civ.P., provides that the complaint in a derivative suit must "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed. R.Civ.P. 23.1.

It is well established that demand requirements for a derivative suit are determined by the law of the state of incorporation. *See Kamen,* 500 U.S. at 98–101, 111 S.Ct. 1711. Because LaBranche is a Delaware corporation, it is uncontested that the sufficiency of Plaintiffs' demand futility allegations shall be analyzed under Delaware law.

■ Pursuant to Delaware law, a Plaintiff in a shareholder derivative action must allege either: (1) that he has made a demand upon the corporation's board of directors to take the requested action; or (2) the reasons why such a demand upon the board would be futile. *See Rales v. Blasband,* 634 A.2d 927 (Del.1993); *Aronson v. Lewis,* 473 A.2d 805, 808 (Del.1984). Under Delaware law, in order to sufficiently allege that a demand upon the board would have been futile, a plaintiff must present particularized facts showing that the board is "incapable of exercising its power and authority to pursue derivative claims directly." *White v. Panic,* 783 A.2d 543, 551 (Del.2001). Courts assessing whether a plaintiff has adequately pled demand futility under Delaware law are to apply the *Aronson* test, under which the court must determine whether a reasonable doubt has been created that: "(1) the directors are disinterested and indepen-

dent and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Aronson v. Lewis,* 473 A.2d at 814.

Defendants have put forth two arguments in support of their motion to dismiss; the first procedural, and the second substantive. First, Defendants argue that the doctrines of res judicata and collateral estoppel preclude Plaintiffs from relitigating the issue of demand futility because Justice Freedman previously concluded in an almost identical action in *Brown v. LaBranche,* No. 0603512/03 (N.Y.Sup.Ct. Nov. 8, 2004), that Plaintiffs failed to plead facts excusing a demand upon the LaBranche board of directors. Second, Defendants contend that under governing Delaware law, Plaintiffs have not demonstrated that the LaBranche board lacks the disinterestedness and independence required to consider a demand with respect to the claims brought in this case. For the reasons set forth below, it is concluded that Plaintiffs are precluded from relitigating the issue of demand futility, and, as in *Brown,* the complaint is dismissed without prejudice as to the merits of the underlying claims. Based upon this conclusion, the Court deems it unnecessary to reach the merits of Defendants' second contention.

Defendants have argued that under both preclusion doctrines—res judicata, or claim preclusion, and collateral estoppel, or issue preclusion—Plaintiffs here should be barred from litigating the issue of demand futility since this issue was previously determined in another forum.

■ The full faith and credit statute, 28 U.S.C. § 1738 requires federal courts to give preclusive effect to state court judgments. 28 U.S.C. § 1738. "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their

privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir.2000) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)); *see also Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997) (noting that the application of the doctrine of res judicata is the same under both New York law and federal law). The doctrine of res judicata is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

"Res judicata bars litigation of any claim for relief that was available in a prior suit between the parties or their privies, whether or not the claim was actually litigated." *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998). In order to establish the defense of res judicata, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; (3) the claims in subsequent actions were, or could have been raised in the prior action." *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir.2001) (quoting *Monahan v. N.Y.C. Dep't. of Corrections,* 214 F.3d 275, 284–85 (2d Cir.2000)).

■ Similarly, collateral estoppel, better known as issue preclusion, applies when: (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and actually decided; (3) there was a full and fair opportunity for litigation in the prior proceeding; and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir.1986). "Unlike res judicata, collateral estoppel does not bar a litigant from subsequently pursuing issues that were not raised in the first proceeding, but could have been." *Flaherty v. Lang,* 199 F.3d 607, 613 (2d Cir.1999) (internal quotations omitted).

Under both preclusion doctrines, the party seeking to invoke the doctrine bears the burden of proving the above elements. *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 126 F.3d 365, 369 (2d Cir.1997).

■ Plaintiffs have not contested the third element of the res judicata doctrine, namely whether the claims raised in this action could have been raised in *Brown.* Rather, according to Plaintiffs, the dismissal in *Brown* cannot be given preclusive effect in this action because the decision did not constitute "a final decision on the merits," as required under the res judicata doctrine.[1] Additionally, the Plaintiffs argue that even if the dismissal in *Brown* does constitute a final decision on the merits for the purposes of res judicata, it cannot be invoked against Plaintiffs in this action because they are not the same litigants who asserted the derivative claims in the *Brown* action.

Plaintiffs argue that the *Brown* decision does not constitute a final judgment on the merits because the determination of whether or not a demand upon a board shall be excused is an issue of standing. Plaintiffs' argument in this regard is two-

---

**1.** Similarly, Plaintiffs have not challenged that the first, second, and fourth elements of the collateral estoppel doctrine have been met here, but rather, as with res judicata, contend that there was not a full and fair opportunity for litigation in the prior proceeding. For the reasons set forth with respect to this element of res judicata, collateral estoppel is also appropriate.

fold. First, they contend that as a determination regarding standing, a prior decision with respect to demand futility does not constitute a final decision on the merits, and therefore is not entitled to preclusive effect. Second, Plaintiffs contend that even where demand futility does have res judicata effect, it has such only with respect to the same litigants present in the first action. As such, Plaintiffs contend that while Brown himself could be precluded from relitigating the demand futility issue in a subsequent federal case, Henik and Lewis cannot, given that they were not named plaintiffs in the *Brown* action.

With respect to Plaintiffs' first contention, it is concluded that the issue of whether or not the LaBranche board of directors did not lack the disinterestedness and independence needed to consider a demand—albeit technically a procedural issue of standing to proceed derivatively—does constitute "a decision on the merits" for the purposes of preclusion.

The Supreme Court has noted that the demand requirement "is clearly a matter of 'substance' and not 'procedure.'" *Kamen*, 500 U.S. at 96–97, 111 S.Ct. 1711. As Defendants point out, the Brown action was "dismissed without prejudice to the bringing of a new action, if a pre-suit demand is either rejected or not considered within a reasonable amount of time." *Brown*, slip op. at 8. By implication then, the *Brown* action was dismissed with prejudice to the bringing of a new action, absent showing that a pre-suit demand was rejected or not considered. Accordingly, the *Brown* dismissal constitutes a final adjudication. *See, e.g., Elfenbein v. Gulf & Western Indus., Inc.*, 590 F.2d 445, 449 (2d Cir.1978) (holding that district court order dismissing a derivative action for failure to comply with Rule 23.1 constituted a final appealable order).

■ Plaintiffs also contend that even if the dismissal in *Brown* is a final appealable order warranting preclusive effect, it only has to do with the standing of Brown to assert the claims derivatively on behalf of LaBranche. Plaintiffs argue that Plaintiffs have never had the opportunity to have decided the issue of their standing to assert derivative claims on behalf of La-Branche, and therefore that res judicata and collateral estoppel would be inappropriately applied against them.

As this Court has previously noted:

In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive. *Maharaj*, 128 F.3d at 97 (citing *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir.1996)). Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on facts that were also present in the first.

*Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, No. 02 Civ. 7434(RWS), 2004 U.S. Dist. LEXIS 21802, at *12 (S.D.N.Y. Nov. 5, 2004) (internal quotations omitted). Plaintiffs have not contended, nor could they, that the issue presented here is not identical to the issue considered in *Brown*. Rather, they contend that Justice Freedman's determination that Brown lacked standing to proceed derivatively on behalf of LaBranche applies to Brown only, and not to other LaBranche shareholders.

Plaintiffs may be correct in that preclusion generally should not be imposed upon individuals who themselves did not have an opportunity to litigate in the initial action. *See Lesbian & Gay Org.*, 143 F.3d at 644

(stating the rule that res judicata applies only to parties or their privies). However, as the Massachusetts district court recently addressed, *see In re Sonus Networks, Inc. Shareholder Derivative Litig.*, 422 F.Supp.2d 281, 291–92 (D.Mass.2006), privity among shareholder plaintiffs in the derivative litigation context presents an atypical situation. In ordinary lawsuits there are often factors differentiating a plaintiff in one suit from a plaintiff in an analogous suit against the same defendant, such that the standing analysis in the two actions would likely differ. On the other hand, in shareholder derivative actions, a plaintiff shareholder sues on behalf of the corporation, and it is the shareholder that is the "true party in interest in both cases." *In Re Sonus Networks*, at 291 (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir.2004)); *see also Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 528, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984) (in a derivative action "the corporation itself is the appropriate plaintiff" and the shareholder "step[s] into the corporations shoes. . . ."). Therefore, the true plaintiff in this suit and the *Brown* action is the identical corporation, LaBranche.

Courts within this district have not specifically addressed the issue of the preclusive effect of one shareholder plaintiff's failure to prove an excuse of demand upon another shareholder's attempt to do so in a later identical derivative action. However, courts within this district have long recognized the preclusive effect of judgments in derivative actions upon subsequent actions brought by stockholders who were not plaintiffs in the original action:

A judgment in the stockholders' derivative action is res judicata both as to the corporation and as to all of its stockholders, including stockholders who were not parties to the original action in subsequent actions based upon the same subject matter.

*Ratner v. Paramount Pictures, Inc.*, 6 F.R.D. 618, 619 (S.D.N.Y.1942) (citations omitted). Additionally, as the Second Circuit long ago held:

It makes no difference, in the absence of fraud or collusion, that a stockholder's suit is prosecuted by one or more, or by all, the stockholders; the suit being brought on behalf of all others of like interest joining therein. As was said in *Brinckerhoff v. Bostwick*, 99 N.Y. 185, 1 N.E. 663, the action is really the action of all the stockholders, as it is necessarily commenced in their behalf and for their benefit. And as in such suits the wrong to be redressed is the wrong done to the corporation and as the corporation is a necessary part to the suit, it inevitably follows that there can be but one adjudication on the rights of the corporation.

*Dana v. Morgan*, 232 F. 85, 89 (2d Cir. 1916). Plaintiffs have presented no reasons why this same reasoning should not apply in the context of standing to sue derivatively. The fact that the *Brown* dismissal was based upon the standing to sue derivatively and not upon the merits of the underlying action bears not on the fact that the suit was commenced and litigated on behalf of the LaBranche corporation and all of its shareholders.

In addition, as Defendants point out, if this were not the rule, shareholder plaintiffs could indefinitely relitigate the demand futility question in an unlimited number of state and federal courts, a result the preclusion doctrine specifically is aimed at avoiding. *See United States v. Stauffer Chem. Co.*, 464 U.S. 165, 176, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984) (stating that preclusion "is generally said to have three purposes: to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by pre-

venting inconsistent decisions, encourage reliance on adjudication" (White, J. concurring) (citations omitted)).

In this regard, Plaintiffs' reliance upon two cases from this circuit, *Tycon Tower I Inv. LP v. John Burgee Architects*, 1999 WL 676007 (S.D.N.Y. Aug. 31, 1999) and *St. Pierre v. Dyer*, 208 F.3d 394 (2d Cir. 2000), for the proposition that a prior decision on lack of standing will have res judicata effect only as to that litigant is misplaced. Neither *Tycon* nor *St. Pierre* involved shareholder derivative actions, and as such are inapplicable to the situation presented here.

As noted above, under Delaware law, standing to sue derivatively on behalf of a corporation is predicated upon showing that a demand was either ignored or rejected by the corporation or upon showing that such a demand would have been futile. *See Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726, 730 (Del.1988) ("[t]he right to bring a derivative action does not come into existence until the plaintiff shareholder has made a demand on the corporation to institute such an action or until the shareholder has demonstrated that demand would be futile."). In order to demonstrate demand futility, a shareholder must show, as set forth above, that a majority of the board of directors of the company lacked the disinterestedness and independence to consider a demand. *See Rales*, 634 A.2d at 934. Therefore, in the context of standing based upon demand futility, the facts submitted by an individual shareholder to demonstrate that she has standing to sue on behalf of the corporation are facts about the corporation and about members of the corporation's board of directors. Indeed, the demonstration of standing to sue derivatively does not require any showing of the characteristics specific to the individual shareholder who seeks standing, aside from the obvious demonstration that the plaintiff was a shareholder during the relevant period. Given this unique nature of the derivative standing inquiry, assuming the claims are the same, which they are here, the standing analysis for one shareholder will not differ from the standing analysis for another shareholder. Therefore, it is concluded that although Henik and Lewis were not named Plaintiffs in the *Brown* action, there is nothing differentiating the standing analysis to be undertaken from that done so in *Brown*, and preclusive effect shall be given to the *Brown* dismissal.

It should be noted that there may be grounds warranting a different preclusion analysis and result where the plaintiff shareholder in the first action is alleged to have inadequately represented the interests of all of the shareholders. *See Restatement (Second) of Judgments*, § 42(e) ("A person is not bound by a judgment for or against a party who purports to represent him if (e) The representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of facts making that failure apparent."). However, there has been no showing nor contention by Plaintiffs here that the plaintiffs in *Brown* did not adequately represent the interests of the shareholders of LaBranche generally. In the absence of such evidence or allegations, there is no reason to believe that Brown did not put forth all of the evidence in support of demand futility or that the interests of all LaBranche shareholders, including Henik and Lewis, were not prosecuted diligently.

Accordingly, it is concluded that Plaintiffs Henik and Lewis are precluded, on both res judicata and collateral estoppel grounds, from relitigating the issue of demand futility. The reasoning applied by the Second Circuit in *Dana v. Morgan*, 232 F. 85, applies equally here:

382

[Plaintiffs] knew of the pendency of the other suit and [ ] had an opportunity to be heard in it. It was expressly for the benefit of any and all the stockholders who might come in and contribute to its expense. At any time before decree [plaintiffs] might have been made a party if [they] had chosen to intervene, and having become a party [they] might have informed the court of anything [they] deemed important to bring to its attention and might have had the bill of complaint amended if the court concluded an amendment necessary. The question whether [they] should intervene or commence an independent suit was considered by [them] and [they] concluded that [they] would not participate in the New York suit. [They] had [their] opportunity and declined to avail [themselves] of it.

*Id.* at 91. Just as Plaintiffs Henik and Lewis have failed to point out on this motion how the plaintiffs in Brown failed to adequately litigate the issue of demand futility, so too did they fail to do so by intervening in the *Brown* action.

### Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted.

It is so ordered.