■ ROBERT MARK LEVIN et al., Appellants, v L. DENNIS KOZLOWSKI et al., Respondents. [846 NYS2d 37]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered November 14, 2006, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously affirmed, with costs.

In this shareholder derivative action against nominal defendant Tyco International Ltd. and various Tyco officers and directors, plaintiffs are collaterally estopped from arguing whether Bermuda law governs their claims, which are the same as those brought in another shareholder derivative lawsuit in federal court, viz., *In re Tyco Intl., Ltd.* (340 F Supp 2d 94 [D NH 2004]). The issue of whether Bermuda law applies was raised, decided, and material in the federal action (*see id.* at 96; *see generally Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 432 [2000]), and plaintiffs had a full and fair opportunity to litigate that issue (*see generally Pinnacle, supra*). Plaintiffs' counsel appeared as "Of Counsel" on some 20 documents in the federal action, and plaintiffs voluntarily stayed this action in favor of the federal action.

The federal plaintiff's strategy was to concede that Bermuda law applied but to argue that Bermuda law did not bar her claims. Having lost that battle, plaintiffs will not be permitted a second bite at the apple to argue that they state viable claims under New York law (*see generally NatTel LLC v SAC Capital Advisors*, 2005 WL 2253756, \*8, 2005 US Dist LEXIS 20179, \*24 [D Conn 2005], *affd* 2006 WL 957342, 2006 US App LEXIS 9460 [2d Cir 2006]). The rights of all Tyco shareholders "should be determined on a [corporation]-wide basis rather than in consequence of the litigants' choice of forum" (*Greenspun v Lindley*, 36 NY2d 473, 477 [1975]; *see also Hart v General Motors Corp.*, 129 AD2d 179, 184 [1987], *lv denied* 70 NY2d 608 [1987]).

Were we to reach the merits of the issue of which jurisdiction's law should be applied, we would hold that the law of Bermuda, where Tyco was incorporated, is applicable since the question of corporate governance is at issue (*Hart v General Motors Corp.*, *supra*), and we do not believe *Airtran N.Y., LLC v Midwest Air Group, Inc.* (46 AD3d 208 [2007]) would, in these circumstances, dictate a different result. Concur—Friedman, J.P., Sullivan, Buckley and Malone, JJ. [*See* 13 Misc 3d 1236(A), 2006 NY Slip Op 52142(U).]