■ SAM WIETSCHNER, Derivatively on Behalf of JPMORGAN CHASE & CO., Appellant, v JAMES DIMON et al., Respondents. [32 NYS3d 77]—

Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 18, 2015, which granted defendants' motion to dismiss the amended complaint, and denied plaintiff's motion for leave to amend, unanimously affirmed, without costs.

The motion court dismissed one cause of action on the ground of res judicata and the other on the ground of collateral estoppel, based on federal rulings that plaintiffs in other shareholder derivative actions had failed to allege particularized facts to support their claims of demand futility (*see Steinberg v Dimon*, 2014 WL 3512848, 2014 US Dist LEXIS 96838 [SD NY, July 16, 2014, No. 14 Civ 688 (PAC)]; *Cent. Laborers' Pension Fund v Dimon*, 2014 WL 3639185, 2014 US Dist LEXIS 100874 [SD NY, July 23, 2014, No. 14 Civ 1041 (PAC)], *affd* 638 Fed Appx 34 [2d Cir, Jan. 06, 2016, No. 14-4516-cv]). The amended complaint should be dismissed in its entirety as precluded under the doctrine of res judicata. The claims in this action and in the federal actions arose from the same series of transactions involving the directors' oversight of a corporate anti-money laundering program (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 12-13 [2008]), and, aside from the different time periods alleged

regarding the directors' lack of oversight, had the same origin and formed a convenient trial unit (*see Xiao Yang Chen v Fischer*, 6 NY3d 94, 100-101 [2005]). That the complaints set forth different theories of recovery and that the claims in the instant action were not actually raised in the federal actions present no impediments to application of the doctrine (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d at 12-13; *Matter of Hunter*, 4 NY3d 260, 269 [2005]). The dismissals for failure to adequately allege demand futility were on the merits and entitled to res judicata effect (*see Levin v Kozlowski*, 13 Misc 3d 1236[A], 2006 NY Slip Op 52142[U] [Sup Ct, NY County 2006] [differentiating derivative demand rule from ordinary standing], *affd* 45 AD3d 387 [1st Dept 2007]; *Henik ex rel. LaBranche & Co., Inc. v LaBranche*, 433 F Supp 2d 372, 379 [SD NY 2006]; *cf. Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 177 [1st Dept 2013] [dismissal on the ground of demand futility in a limited liability company derivative action is not on the merits for res judicata purposes]).

In view of the foregoing, it is unnecessary to address whether collateral estoppel precludes any portion of the amended complaint; in any event, because the inadequacy of the demand futility allegations prevents this action from going forward, the effect of both preclusion doctrines is the same (*see Asbestos Workers Local 42 Pension Fund v Bammann*, 2015 WL 2455469, *15, 2015 Del Ch LEXIS 142, *45 [May 21, 2015, C.A. No. 9772-VCG], *affd for reasons assigned* 132 A3d 749 [Del 2016]).

In any event, plaintiff failed to allege particularized facts evincing a reasonable doubt as to the board's ability to exercise its independent judgment in responding to a demand, such as a substantial likelihood of personal liability (*see Simon v Becherer*, 7 AD3d 66, 72 [1st Dept 2004]). The exculpatory clause in the nominal defendant's certificate of incorporation insulated the directors from liability for breach of fiduciary duty, and plaintiff failed to sufficiently allege bad faith or breach of the duty of loyalty through the "utter" failure to attempt to implement the anti-money laundering compliance program or the "conscious disregard" of "red flags" providing notice of the alleged oversight deficiencies (*see Asbestos Workers Phila. Pension Fund v Bell*, 137 AD3d 680 [1st Dept 2016]; *Wandel v Dimon*, 135 AD3d 515, 516, 518 [1st Dept 2016]).

Leave to amend was properly denied for lack of merit of the proposed pleading (*see 2470 Cadillac Resources, Inc. v DHL Express [USA], Inc.*, 129 AD3d 527 [1st Dept 2015]). Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.