█ Michael Korsinsky, Appellant, v Jon Winkelreid et al., Respondents, and The Goldman Sachs Group, Inc., Nominal Defendant-Respondent. [38 NYS3d 190]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 12, 2014, dismissing the second amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 13, 2014, which granted defendants' motion to dismiss the second amended complaint; and from order, same court and Justice, entered December 2, 2014, which denied plaintiff's motion for leave to file a third amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this purported derivative action challenging the valuation of the nominal defendant's compensatory stock options, the motion court properly dismissed the second amended complaint for failure to allege particularized facts evincing the futility of a demand on the nominal defendant's board of directors (see Wood v Baum, 953 A2d 136, 140 [Del 2008]). The demand futility requirement needed to be measured in terms of the 2013 board in existence at the time of the second amended complaint, rather than the 2009 board in existence when the original complaint was filed. The second amended pleading does not relate back to 2009 for demand futility purposes, because the original pleading was not "validly in litigation"—that is, it would not have survived a motion to dismiss (Braddock v Zimmerman, 906 A2d 776, 779, 786 [Del 2006]), given the original plaintiff's sale of his shares in the nominal defendant in July 2009 and his resulting inability to satisfy the continuous share ownership requirement governing derivative actions.

Assessing demand futility in terms of the 2013 board, the motion court correctly determined that plaintiff had failed to allege particularized facts demonstrating that the board's directors were interested and/or lacked independence (Wood, 953 A2d at 140). In particular, plaintiff failed to allege in nonconclusory fashion that the amounts of the options received by certain director defendants were material in the context of their

economic circumstances (*see Central Laborers' Pension Fund v Blankfein*, 34 Misc 3d 456, 469-470 [Sup Ct, NY County 2011], *affd* 111 AD3d 40 [1st Dept 2013], citing *Orman v Cullman*, 794 A2d 5, 23 [Del Ch 2002]).

Nor were the allegations regarding the board's approval of the challenged options sufficient to raise doubts as to whether the approval was a valid exercise of business judgment (*see Wood*, 953 A2d at 140). In view of the exculpatory clause in the nominal defendant's certificate of incorporation, no director faced a substantial likelihood of liability for approving the options (*see Wietschner v Dimon*, 139 AD3d 461, 462 [1st Dept 2016]). Unlike the fraudulent backdating of options at issue in *Ryan v Gifford* (918 A2d 341, 355-356 [Del Ch 2007]), the awarding of options in amounts based on the board's discretionary valuations was a valid exercise of business judgment untainted by bad faith.

The motion court properly denied leave to file a third amended complaint. The proposed allegations of demand futility do not cure the deficiencies of the second amended complaint (*see Fairpoint Cos., LLC v Vella*, 134 AD3d 645, 645 [1st Dept 2015]). Further, the purportedly direct claims that plaintiff sought to add are merely retooled derivative claims (*see Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031, 1039 [Del 2004]), and therefore do not dispense with the need for a demand (*see Wood*, 953 A2d at 140).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Moskowitz, Gische and Kahn, JJ.