Grika v McGraw (2018 NY Slip Op 03236)





Grika v McGraw


2018 NY Slip Op 03236


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Singh, Moulton, JJ.


650459/16 6442A 6442

[*1] L.A. Grika, derivatively and on behalf of nominal defendant McGraw Hill Financial, Inc., Plaintiff-Appellant,
v
Harold McGraw III, et al., Defendants-Respondents, McGraw Hill Financial, Inc., Nominal Defendant-Respondent.


Wolf Haldenstein Adler Freeman & Herz LLP, New York (Mark C. Rifkin of counsel), for appellant.
Cahill Gorden & Reindel LLP, New York (Brian T. Markley of counsel), for Harold McGraw III, Douglas L. Peterson, Deven Sharma, Andrea Bryan, Kathleen A. Corbet, Barbara Duka, Thomas Gillis, Vickie A. Tillman, Joanne Rose, David Tesher and Patrice Jordan, respondents.
Davis Polk & Wardwell LLP, New York (Charles S. Duggan of counsel), for McGraw Hill Financial, Inc., respondent.



Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered December 29, 2016, which granted defendants' motions to dismiss the amended complaint as against them, unanimously affirmed, with costs.
Plaintiff, a shareholder in McGraw Hill Financial, Inc., the nominal defendant, alleges that the individual defendants, members of the board, caused McGraw Hill to sustain damages by permitting it to issue, through subsidiary Standard & Poor's Rating Services (S & P's), inaccurate credit ratings with respect to collateral debt obligations (CDOs), residential mortgage-backed securities (MBS), and commercial mortgage-backed securities.
The doctrine of collateral estoppel bars this action as against McGraw Hill (see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015])[FN1]. In March 2010, the United States District Court for the Southern District of New York dismissed a derivative action commenced by McGraw Hill shareholder Teamsters Allied Benefit Funds (Teamsters Funds) against McGraw Hill and certain of its officers and directors, which alleged, as the instant complaint alleges, that McGraw Hill was harmed as a result of S & P's inflated ratings of MBS and CDOs (Teamsters Allied Benefit Funds v McGraw, 2010 WL 882883, 2010 US Dist LEXIS 23052 [SD NY, Mar. 11, 2010]). The district court found that the Teamsters Funds' demand letter did not fairly and adequately apprise the directors of the violations of federal securities law alleged in the complaint (2010 WL 882883 at *4-6, 2010 US Dist LEXIS 23052 at *11-18, citing Business Corporation Law § 626[c]) and that, in any event, the Teamsters Funds did not allege facts [*2]demonstrating that the board's rejection of their demand was not made in good faith by disinterested directors (2010 WL 882883 at *6-8, 2010 US Dist LEXIS 23052 at *18-23, citing Auerbach v Bennett, 47 NY2d 619, 630-631 [1979]). The court declined to exercise supplemental jurisdiction over the state law claims (2010 WL 882883 at *11, 2010 US Dist LEXIS 23052 at *34-35).
The underlying allegations of wrongdoing and the reasons for the board's refusal to pursue them are materially identical in the Teamsters Funds' action and the instant action (see Conason, 25 NY3d at 17). It is of no moment that the causes of action differ, because the issues are identical (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]). The issue decided by the district court with respect to the federal claims - i.e., whether the Teamsters Funds alleged facts demonstrating that the board's rejection of its demand was not made in good faith by disinterested directors - would have applied equally to the state law claims had the district court exercised jurisdiction over them. Thus, the issue whether the board properly exercised its business judgment in refusing to consider allegations of officer and director wrongdoing related to the rating of CDOs and MBS is barred by the doctrine of collateral estoppel because it was actually litigated and decided in the Teamsters Funds' action (see Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 23 [1st Dept 2014]; Conason, 25 NY3d at 17).
The Teamsters Funds, as derivative plaintiff, had a full and fair opportunity to litigate the issue of the propriety of the board's demand refusal in the federal action (see Conason, 25 NY3d at 17). The fact that the instant derivative action was brought by a different shareholder is of no consequence, because the claims "belong to and are brought on behalf of the corporation, rather than on behalf of [the shareholders] themselves" (Levin v Kozlowski, 13 Misc 3d 1236[A], 2006 NY Slip Op 52142[U], *9 [Sup Ct, NY County, Nov. 14, 2006], affd 45 AD3d 387 [1st Dept 2007]; see also Auerbach v Bennett, 47 NY2d at 631).
Finally, the issue litigated in the Teamsters Funds' action was necessary to support a valid and final judgment on the merits (see Conason, 25 NY3d at 17). Accordingly, plaintiff is collaterally estopped to litigate the board's demand refusal with respect to the 2004-2007 allegations of wrongdoing. With respect to the 2010-2014 allegations, plaintiff neither made a proper demand on the board nor pleaded demand futility, as required under Business Corporation Law § 626(c).
The claims against the individual defendants that are based on the 2004-2007 allegations are time-barred, under the six-year or three-year statute of limitations (see CPLR 213[7]; 214[4]).
The complaint fails to state causes of action against the director and officer defendants for breach of fiduciary duty (see Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]; CPLR 3016[b]) and aiding and abetting breach of fiduciary duty (see Yuko Ito v Suzuki, 57 AD3d 205, 208 [1st Dept 2008]). Nor does it state a cause of action against the employee defendants for breach of the duty of loyalty, since it does not allege that these defendants acted directly against their employers' interests (see Veritas Capital Mgt., L.L.C. v Campbell, 82 AD3d 529, 530 [1st Dept 2011], lv dismissed 17 NY3d 778 [2011]).
The complaint fails to state a cause of action for unjust enrichment, since it does not allege that it would be against equity and good conscience to allow defendants McGraw, Douglas Peterson, and Deven Sharma to retain the compensation they received (see Sperry v Crompton Corp., 8 NY3d 204, 215 [2007]).
The contribution and indemnification claims fall with the underlying claims.
Amendment of the complaint could not remedy the above-discussed flaws.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK



Footnotes

Footnote 1: Because "there is no discernable difference between federal and New York law concerning ... collateral estoppel" (Marvel Characters, Inc. v Simon, 310 F3d 280, 286 [2d Cir 2002]), we will apply New York law (compare id. at 288-289 with Conason, 25 NY3d at 17).