Jeanette Feliciano, et al, Plaintiffs,

against
Norman Seabrook, Elias Husamudeen, Joseph Bracco, Elizabeth Castro, Michael Maiello, Amelia Warner, Thomas Farrell, Karen Tyson, Benny Boscio, Kenyatta Johnson, Albert Craig, Daniel Palmeiri, Angel Castro, Frederic Fusco, Paulette Bernard & Koehler & Isaacs, LLP, Defendants. and The Corrections Officers Benevolent Association, Inc., Nominal Defendant.

712894/19

Leonard Livote, J.

The following papers numbered 1 to 10 read on this motion by defendants Koehler & Isaacs:
1. Pursuant to CPLR §3211(a)(5), based on res judicata and untimeliness;
2. Pursuant to CPLR §3211(a)(7) as the Complaint fails to state a cause of action against Koehler & Isaacs.
PAPERS NUMBERED
Notice of Motion, Affirmation, Affidavits and Exhibits 1 - 4
Cross Motion, Affirmation, Affidavits and Exhibits
Answering Affirmations, Affidavits and Exhibits 5 - 7
Reply Affirmations, Affidavits and Exhibits 8 - 10
Other
Upon the foregoing papers, the motion is granted.
Upon the foregoing papers it is ordered that the motions and cross motion are determined as follows:
According to the verified complaint, plaintiffs consist of an active member and retired [*2]members of the Corrections Officers Benevolent Association, Inc. (COBA) and are beneficiaries of the COBA Annuity Fund and COBA General Fund. The COBA is a nominal defendant in this action. Defendant Norman Seabrook ("Seabrook") was the President of the COBA in June 2016. Defendants Elias Husamudeen, Joseph Bracco, Elizabeth Castro, Michael Maiello, Amelia Warner, Thomas Farrell, Karen Tyson, Benny Boscio, Kenyatta Johnson, Albert Craig, Daniel Palmieri, Angel Castro, Frederic Fusco, and Paulette Bernard (collectively "Executive Board Defendants") hold various positions on COBA's Executive Board. Defendant Koehler & Isaacs, LLP ("Koehler & Isaacs") is a law firm that represents COBA.
According to the complaint, in 2016, Seabrook and Murray Huberfeld, co-founder and President of Platinum Management (NY) LLC, were arrested and indicted for participation in a kickback scheme, where Seabrook would invest money from COBA's Annuity Fund and General Fund with the Platinum Partners Value Arbitrage Fund (PPCVA), a Ponzi scheme, in exchange for personal payments from the investment firm. On or about February 8, 2019, Seabrook was sentenced to five years of prison for charges related to the PPVA investment, and ordered to pay restitution totaling approximately $19 million. Plaintiffs allege that the Executive Board defendants are charged with overseeing the investments of the COBA Annuity Fund and the COBA General Fund in accordance with the COBA's Constitution and Bylaws. Plaintiffs further allege that since the Executive Board had no safeguards in place, Seabrook was able to direct the investment of nearly 20% of the COBA Annuity Fund and 40% of the COBA General Fund in the PPVA without express Executive Board approval. Plaintiffs' allege that the PPVA has declared bankruptcy; and the COBA Annuity Fund's and the COBA General Fund's PPVA investments are virtually worthless.
Plaintiffs commenced the instant action on July 25, 2019. They assert causes of action for breach of fiduciary duty, unjust enrichment and accounting against COBA's Executive Board members. Plaintiffs also assert a cause of action for breach of fiduciary duty against Kohler & Isaacs, the law firm that represented the COBA. 
The first branch of this motion by defendant Koehler & Isaacs, seeks dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a)(5) and (7).
According to the complaint, Koehler & Isaacs breached its fiduciary duty to COBA by failing to inform the Executive Board of Norman Seabrook's high-risk investment of $15 million of the COBA's Annuity Fund and that the investment activities were being made without their approval. Defendant Koehler & Isaacs argues that the complaint must be dismissed pursuant to CPLR 3211(a)(5) because it is barred by the doctrine of res judicata.
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999].) According to the Court of Appeals, res judicata "broadly bars the parties or their privies from relitigating issues that were or could have been raised in that action. The doctrine encompasses the law of merger and bar-it precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not those claims were in fact litigated. As such, claim preclusion serves to bar not only every matter which was offered and received to sustain or defeat the claim or demand, but also any other admissible matter which might have been offered for that purpose. In other words, claim preclusion may foreclos[e] litigation of a matter that never has been litigated, because of a determination that it should have [*3]been advanced in an earlier suit. (Paramount Pictures Corporation v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018] [internal quotation marks and citations omitted] [emphasis added]).
Therefore, res judicata will bar "successive litigation based upon the same transaction or series of connected transactions if: (i) there is a final judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." (People ex rel. Spitzer v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008]). "Further, it is clear that in those instances where the Federal court proceeding is predicated on the same basis as is the State court proceeding, Federal court determinations must be given res judicata effect in New York State courts." (McKinney v City of New York, 78 AD2d 884, 885 [2d Dept 1980].)
Prior to commencing this action, plaintiffs filed an action in the United States District Court for the Southern District of New York entitled Jiminian, et.al. v Seabrook, et.al. The complaint contained the same allegations as here and asserted causes of action against Koehler & Isaacs for breach of fiduciary duty and an additional cause of action for aiding and abetting breaches of fiduciary duty. Koehler & Isaacs and the Executive Board defendants separately moved to dismiss. The motions were granted and the action was dismissed for lack of standing to sue derivatively. First, plaintiffs' failed to make a pre-suit demand on the Executive Board pursuant to Fed. R. Civ. P. 23.1 or plead its futility. While plaintiffs admitted they did not make on pre-suit demand on the Executive Board, they alleged its futility on the basis of self-interest and failure to self-inform. The court disagreed, concluding that plaintiffs "failed to allege demand futility with the requisite particularity." (Romain v Seabrook, 2017 WL 6453326, *5 [SDNY 2017].) Second, the court found an "additional, independent reason" that plaintiffs failed to adequately plead that they represent "five percent or more" of COBA's membership as required by Section 623(a) of Not-for-Profit Corporation Law (N-PCL). (Id. at *6.) Plaintiffs did not dispute the failure to adequately allege the five percent requirement of the N-PCL; rather, they argued that they had standing to pursue their derivative claims under Section 725 of New York's Labor and Management Improper Practices Act (LMIPA), which applies to labor unions. The court rejected that arguments and found that the N-PCL was applicable in such cases where a union is incorporated as a not-for-profit. The court pointed out that there seemed to be a conflict between the derivative standing provisions of the N-PCL, which requires 5% of the membership as party plaintiffs, and the LMIPA, which "permits 'any member' to bring a suit on behalf of the union for breach of fiduciary duty." The dismissal was affirmed by the Second Circuit Court of Appeals in a decision, dated January 17, 2019. The Second Circuit also pointed out the potential conflict between the N-PCL and LMIPA, but declined to certify the question to the New York State Court of Appeals, finding that the question of New York law was not determinative in that case.
On March 6, 2019, after the Federal action was dismissed, plaintiffs made a pre-suit demand on the Executive Board requesting that an investigation into the claims it laid out, and take action to remedy the financial harm suffered by the COBA and the Annuity Fund. Since there was no response, plaintiffs sent a follow-up letter on or about April 4, 2019. Through Marc Alain Steier, COBA's Director of Legal Affairs, the COBA Executive Board responded to the demand on or about May 2, 2019, indicating generally that since the Federal action COBA and [*4]the Annuity Fund had been "moving forward with the goal of remedying the matters you have described." Further, the response stated, inter alia, as to "[t]he matters of Koehler & Isaacs and the Executive Board being implicated by your allegations (X(1)) have been investigated at length by outside independent agencies as well as adjudicated in Federal District and Circuit Court and are still being investigated." In addition, the response referred to a trial that commenced in the United States District Court for the Eastern District of New York. Thereafter, this action was commenced on July 25, 2019.
Defendant argues that " 'dismissal of a derivative action for failure to plead demand futility is a final judgment on the merits for purposes of res judicata.' (City of Providence, 2015 WL 4594150, at * 6 [so holding under New York res judicata doctrine]; Asbestos Workers Local 42 Pension Fund, 2015 WL 2455469, at * 15 [same under New York collateral estoppel doctrine]; Hernk, 433 F Supp 2d at 379 [so holding under federal res judicata and collateral estoppel doctrines].)" (Wietschner ex rel. JPMorgan Chase & Co. v Dimon, 2015 WL 4915597, at *6 (Sup. Ct. NY Cnty Aug. 14, 2015), aff'd, 139 AD3d 461 (1st Dept 2016). 
In opposition, plaintiffs argue that the dismissal based on demand futility does not have res judicata effect on this subsequent action based on the Executive Board's failure or refusal to take appropriate action, which relies on the same facts and transactions and asserts the some of the same causes of action against some of the same parties. 
This Court agrees. While the claims in this case are substantially identical to the claims in the Federal action, the prior decision with respect to demand futility does not constitute a final decision on the merits on the issue of the Executive Board's failure or refusal to take appropriate action. (See Bansbach v Zinn, 1 NY3d 1 [2003]; compare Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167 [1st Dept 2013].) The Executive Board's business judgment was not an issue litigated or that could have been litigated in the Federal action. 
Accordingly, the branch of the motion pursuant to CPLR 3211(a)(5) to dismiss the complaint based on res judicata grounds is denied.
In the second branch of the motion, Koehler & Isaacs seeks dismissal as the action was brought more than three after the applicable three-year statute of limitations. The issue is whether it is timely under the equitable tolling provisions of CPLR 205(a). CPLR 205(a) provides a six-month extension of time to refile an action that has been dismissed. Defendant argues that the action was made more than six months from the date of the January 17, 2019 decision of the Second Circuit affirming the dismissal of the Federal court action. In any event, defendant argues that section 205(a) of the CPLR does not apply when the dismissal is on the merits. This Court disagrees as to the application of CPLR 205(a) to the facts of this case. 
Where, as here, the dismissal "on the merits" is not based on the same issue before the Court, CPLR 205(a) may be used to toll the statute of limitations. Moreover, the six-month extension begins to run from the date the decision becomes final, which is the date of the mandate. (Fed. R. App. P. 41.; Nat. Res. Def. Council, Inc. v Cty. of Los Angeles, 725 F3d 1194 [9th Cir. 2013] ["No opinion of this circuit becomes final until the mandate issues"].) In this case, the mandate issued on February 7, 2019. Therefore, this action was timely when made on July 25, 2019 and served on July 31, 2019. 
Accordingly, dismissal is not warranted under CPLR 3211(a)(5).
Finally, Koehler & Isaacs move to dismiss for plaintiffs' failure to meet the standing [*5]requirements of the N-PCL. There is no dispute that plaintiffs do not plead compliance; rather, plaintiffs argue that the provisions of the LMIPA take precedence over the general provisions of the N-PCL. Plaintiffs argue that "where there is a conflict between a general statute governing the same subject matter, the general statute must yield" (Quoting People ex rel. McCurdy v Warden, Westchester County Correctional Facility, 164 AD3d 692, 694 [2d Dept 2018]. 
"Statutes which relate to the same subject matter must be construed together unless a contrary legislative intent is expressed. Court's must harmonize the various provisions of the related statutes and construe them in a way that renders them internally compatible. Another well-established rule of statutory construction provides that a 'prior general statute yields to a later specific or special statute.' " (Matter of Dutchess County Dept. of Social Services ex rel. Day v Day, 96 NY2d 149, 153 [2001].) Here, since the LMIPA was enacted prior to the N-PCL, plaintiffs argument is unpersuasive.
Nevertheless, this Court "is bound to apply the law as promulgated by the Appellate Division within [the Second] Judicial Department." (D'Alessandro v Carro, 123 AD3d 1, 6 [1st 2014].) In Clark v Trois, 21 AD3d 439, 440 (2d Dept 2005) lv dismissed and denied 6 NY3d 829 [2006], the Second Department held that "a plaintiff seeking to prosecute a derivative action on behalf of an incorporated labor union had to satisfy the N-PCL's "five percent" requirement. (See Jiminian v Seabrook, 760 Fed Appx 38, 44 [2d Cir 2019].) As plaintiffs fail to satisfy the five percent standing requirement of the N-PCL, plaintiffs do not have standing to maintain this derivative action.
Accordingly, the portion of the motion to dismiss the complaint for lack of standing is granted. In this action the plaintiffs lack standing, and therefore the action must be dismissed as to all non movant defendants as well.
Any other and/or further relief not specifically addressed is denied.
Accordingly, the motion to dismiss the complaint is granted as provided herein and it is,
Ordered, that the complaint is dismissed.
This constitutes the Order of the Court.
Dated: June 11, 2020
Leonard Livote, A.J.S.C.