Hibbard v American Fin. Trust, Inc. (2023 NY Slip Op 01235)

Hibbard v American Fin. Trust, Inc.

2023 NY Slip Op 01235

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

Index No. 655339/18 Appeal No. 17491 Case No. 2022-02912 

[*1]Terry Hibbard etc., et al., Plaintiffs-Appellants,
v
American Finance Trust, Inc., et al., Defendants-Respondents.

Squitieri & Fearon, LLP, New York (Olimpio Lee Squitieri of counsel), for appellants.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Audra J. Soloway of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered December 20, 2021, which denied plaintiffs' motion for leave to amend the complaint and dismissed the action, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying plaintiffs' motion for leave to amend the complaint under CPLR 3025 (see 34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 50 [2022]), as it properly examined the underlying merits of the proposed causes of action and found that they were not viable in light of Maryland Corporations and Associations Code § 2-419 (see e.g. Lau v Human Resources Admin., 168 AD3d 565, 566 [1st Dept 2019], appeal dismissed, 33 NY3d 1056 [2019]; Wietschner v Dimon, 139 AD3d 461, 462 [1st Dept 2016], lv denied 28 NY3d 901 [2016]; Pier 59 Studios LP v Chelsea Piers LP, 40 AD3d 363, 366 [1st Dept 2007]). Section 2-419 provides that a transaction involving an interested director is not void or voidable if approved by a majority of the disinterested directors or shareholders, or if it is fair to the corporation at the time of approval. Maryland has also long recognized that a board of directors is not liable to the stockholders for acts that the stockholders have ratified (see Wittman v Crooke, 120 Md App 369, 707 A2d 422, 426 [Md. Ct. Spec. Appeals 1998], citing Coffman v Maryland Publ. Co., 167 Md 275, 289, 173 A 248, 254 [1934].)
Accordingly, the Third Advisory Agreement, the document at the heart of plaintiffs' proposed claims, was adequately disclosed and duly ratified. The Agreement was distributed to shareholders as an exhibit to the proxy materials regarding the merger at issue here, and the proxy materials, in turn, informed the shareholders that the agreement would become effective if and when that merger was approved. In addition, the proxy materials informed shareholders of potential conflicts and further disclosed the "negative factors" of the agreement, including its 20-year renewable term (see St Clair-Hibbard v American Fin. Trust, Inc., 2019 WL 4601720, at *4, 2019 US Dist LEXIS 162075 at *10 [SD NY, Sept. 23, 2019, 18 Civ 1148 (LGS/KNF)], affd 812 Fed Appx 36 [2d Cir. 2020]). Plaintiffs thus provide no basis to revisit Supreme Court's conclusion that shareholders were fully informed about, and duly ratified, the Third Advisory Agreement when they voted to approve the merger (see South Miami Pension Plan v Starwood Waypoint Residential, Trust, 2022 WL 4707247, at *6, 2022 Md App LEXIS 719, at 15-17 [Md. Ct. Spec. Appeals, Oct. 3, 2022, No. 599, Sept. Term, 2021]).
Moreover, although the parties dispute whether the Third Advisory Agreement was properly disclosed and whether the shareholders properly ratified it, no party disputes that the Agreement was an exhibit to the proxy materials, nor do the parties dispute the substance of the proxy materials' disclosures concerning the Agreement. Thus, we reject plaintiffs' claims that in arriving at its § 2-419 determination Supreme Court made a premature [*2]factual determination. Nor do plaintiffs cite any authority for their claim that a transaction completed within the parameters of § 2-419 can nevertheless support a damages award.
Plaintiffs' arguments as to each proposed claim are also unavailing. Whether or not the causes of action were well pleaded, plaintiffs do not show how the claims asserted against the director defendants — namely, breach of fiduciary duty and corporate waste — can proceed given the court's determinations based on § 2-419 and the shareholders' ratification of the matters at issue (see Wittman, 120 Md App at 377, 707 A2d at 426). Because the court properly denied the motion as to the cause of action for breach of fiduciary duty, denying the motion as to the cause of action for aiding and abetting a breach of fiduciary duty was likewise proper (see Alleco Inc. v Harry & Jeanette Weinberg Found., Inc., 340 Md 176, 240-241, 665 A2d 1038, 1050 [Md 1995]) as was denial of the unjust enrichment claim, which, as pleaded, ties directly into the fiduciary duty claim.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023